IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAGOBERTO HENRIQUEZ HENRIQUEZ, | |
| *Petitioner*, | Civil Action No. 3:26-cv-356 |
| v. | Hon. William S. Stickman IV |
| KRISTI NOEM, *et al*, | |
| *Respondents*. | |

## <u>ORDER OF COURT</u>

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner, a citizen of El Salvador, is currently detained at Moshannon Valley Processing Center. He entered the United States in March 7, 2019, after making illegal entry. He was detained, and then released after posting the $4,000.00 bond. (ECF No. 1, p. 12; ECF No. 1-2; ECF No. 6-2, p. 4). Following a February 15, 2026, encounter with state police officers in West Virginia, Petitioner was detained by U.S. Immigration and Customs Enforcement officers. Petitioner has not sought a bond hearing before an immigration judge. (ECF Nos. 1 and 6). The Court finds the fact that Petitioner has not fully exhausted all of his administrative remedies prior to filing his habeas petition to be of no moment as it is an exercise in futility given the recent decisions of the Board of Immigration Appeals (i.e., *Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA 2025) and *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)).

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, that he is entitled to a bond hearing. The Court agrees. Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory

1

detention provision of § 1225 governs detention of "applicants for admission" to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). The Court joins the overwhelming majority of district courts in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the country.[1] The Court disagrees with the decision of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Petitioner's detention is governed by § 1226(a), and the Court holds that he has a statutory right to an individualized bond hearing.

Petitioner seeks an award of attorneys' fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Under the EAJA, a court may award fees and expenses to a prevailing party against the United States, unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The key issue here is whether Petitioner is an "applicant for admission" under 8 U.S.C. § 1225(a). Respondents argued that "applicant for admission" includes noncitizens like Petitioner who have already been residing in the interior of the United States. The Court concludes that Respondents' interpretation of § 1225(a), while incorrect, is

---

[1] The Court disagrees with Respondents that "Petitioner is subject to mandatory detention under § 1225(b), as an alien 'originally placed in expedited proceedings and then transferred to full proceedings after establishing a credible fear' who remains ineligible for bond, as set forth in *Matter of M-S-*, 27 I. & N. Dec. 509 (BIA 2019)." (ECF No. 6, p. 2). There is no binding authority as to whether *M-S-* accurately interprets the relevant statutory provisions. And the inescapable fact remains that Petitioner was released on bond in 2019, and has resided in the United States since then. *M-S-* does not speak to the situation here where Petitioner was allowed to remain present in the United States for years before being re-detained. The Court holds that *M-S-* does not support the conclusion that the Government can unilaterally re-detain an individual released on bond years later with no individualized bond hearing or demonstrated change in circumstances.

substantially justified.  The Court is mindful that the United States Court of Appeals for the Third Circuit has not yet interpreted the meaning of "applicant for admission" under Section 1225(a), and that the only United States Court of Appeals to consider this issue has ruled that "applicant for admission" includes noncitizens like Petitioner who have resided in the interior of the country for years.  *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494.  The Court holds that Petitioner is not entitled to attorneys' fees under the EAJA.  *See Alvarez v. Noem*, No. 3:26-CV-73, 2026 WL 545382, at *3 (W.D. Pa. Feb. 26, 2026) (granting habeas petition to extent the petitioner requested a bond hearing, but denying the petition to the extent the petitioner requested attorneys' fees and costs under the EAJA);  *see also Orellana Rivas v. Oddo, et al*, No. 3:26-cv-00246, ECF No. 14 (W.D. Pa. March 10, 2026) (same).

AND NOW, this 18th day of March 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART.  It is GRANTED in that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226.  Within seven (7) days thereafter, the parties shall provide notice to the Court of the outcome of the bond hearing.  IT IS FURTHER ORDERED that the petition is DENIED to the extent it requests any additional relief.  The Court lacks jurisdiction to enjoin Petitioner's transfer.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

3